```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| VINCENT WINCHESTER,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. POSTAL SERVICE<br><br>    Defendant. | No. 17-cv-12444-DLC |

### REPORT AND RECOMMENDATION DISMISSING THE COMPLAINT FOR FAILURE TO PROSECUTE

CABELL, U.S.M.J.

Vincent Winchester ("the plaintiff" or "Winchester") brought a state court claim against the U.S. Postal Service, which in turn removed the matter in December 2017 to federal court. The plaintiff has since then failed to participate in the lawsuit, at all. On March 16, 2018, this court issued an order to show cause why the court should not recommend that the case be dismissed for failure to prosecute. The record reflects that the plaintiff received notice of the court's order to show cause but nonetheless failed to respond. The court recommends that the case be re-assigned to a District Judge and that the complaint be dismissed without prejudice for lack of prosecution.

I.  **RELEVANT BACKGROUND**

On September 25, 2017, the plaintiff, alleging the defendant failed to compensate him for work he performed on its premises, brought a claim against the U.S. Postal Service in the Worcester District Court. (Dkt. No. 6).  On December 12, 2017, the defendant removed the matter to this court. (Dkt. No. 1).

On January 9, 2018, the court issued an electronic notice reminding the parties to file their notification forms indicating whether the parties consent to proceed before a U.S. Magistrate Judge.  (Dkt. No. 4).  The plaintiff failed to respond.

On January 31, 2018, the court issued a second electronic order requiring the plaintiff to respond by February 9, 2018. (Dkt. No. 7).  The plaintiff again did not respond.

On February 27, 2018, the defendant moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 9).  The plaintiff failed to file an opposition or response to the motion to dismiss.

On March 16, 2018, the court issued an electronic order to show cause why the court should not recommend that the complaint be dismissed as a result of the plaintiff's failure to prosecute. (Dkt. No. 11).  The record reflects that a copy of the order was mailed to the plaintiff's last known address.  (Dkt. No. 12).

Nonetheless, the plaintiff did not respond to the order to show cause.

In short, the plaintiff has *never* participated in the prosecution of his claim against the defendant.

## II. DISCUSSION

It is a long-established principle that this court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute his action and his failure to follow the court's orders. FED. R. CIV. P. 41(b); D. MASS. L.R. 41.1(b) (The court may *sua sponte* give notice of a "hearing on a dismissal calendar for actions or proceedings assigned to that judge that appear not to have been diligently prosecuted," and may dismiss the case if the plaintiff fails to respond). *See also Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962) (district court had inherent authority to dismiss a case for failure to prosecute and does not abuse its discretion in dismissing the case based, in part, on plaintiff's failure to appear at pre-trial conference). While the court exercises this authority with caution, it is respectfully recommended that dismissal is appropriate in the case at hand. Without the plaintiff's active participation, the court has no means to effect the advancement of the case to a resolution on the merits.

Accordingly, it is my recommendation that the case be re-assigned to a District Judge and that the District Judge dismiss

the complaint, without prejudice, for failure to prosecute.[1]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:   April 17, 2018

---

[1] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).